499-09/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant
Phoenix Bulk Carriers Ltd.
80 Pine Street
New York, NY  10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Peter J. Gutowski, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COSCO BULK CARRIER CO. LTD.,

    Plaintiff,

-against -

PHOENIX BULK CARRIERS LTD.,

    Defendant.

09 Civ. 4448 (LAK)

**ANSWER**

Defendant PHOENIX BULK CARRIERS LTD. (hereinafter "Phoenix"), by its attorneys Freehill Hogan & Mahar LLP, as and for its answer to the complaint of the Plaintiff COSCO BULK CARRIER CO. LTD. (hereinafter "Plaintiff"), alleges upon information and belief as follows:

1.    Admits that the Plaintiff asserts that the case constitutes an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, but denies knowledge or information sufficient to form a belief with respect to the jurisdictional assertion in the circumstances of this case and the purported exercise of a lien as Phoenix was not a party to any contract of charter party as alleged in the Complaint and thus the notice was a nullity.

2.   Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Complaint.

3.   Admits that the Defendant is a foreign corporation organized and existing under the laws of a foreign country with an agent who maintains an office at 88 Valley Road, Middletown, Rhode Island and a registered agent at the address set forth in the complaint but except as so admitted, denies the remaining allegations contained in Paragraph "3" of the Complaint.

4.   Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "4" of the Complaint.

5.   Admits that voyage instructions were issued with respect to the final voyage of the vessel which made reference to a contract of charter party dated May 16, 2008, but except as so admitted, denies the remaining allegations contained in Paragraph "5" of the Complaint.

6.   Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "6" of the Complaint.

7.   Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "7" of the Complaint.

8.   Defendant Phoenix admits that on or about November 4, 2008, a telefax letter was transmitted, the terms of which speak for itself, a copy of which was annexed to the complaint as Exhibit B, but except as so admitted, denies the remaining allegations contained in Paragraph "8" of the Complaint.

9. Admits that a portion of the quoted language set forth in Paragraph 9 of the complaint was found in the telefax letter annexed as Exhibit B, but as except as so admitted, denies the remaining allegations contained in Paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "10" of the Complaint.

12. Admits that on or about November 5, 2008, a copy of a telefax communication was received from the Rolmax Law Office, a copy of which was annexed to the complaint as Exhibit C, which confirmed the charter between Phoenix and Glory Asia Shipping Limited, and the status of the freight, but as except as so admitted, denies the remaining allegations contained in Paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "13" of the Complaint.

14. Denies the allegations contained in Paragraph "14" of the Complaint.

15. Denies the allegations contained in Paragraph "15" of the Complaint.

16. Denies the allegations contained in Paragraph "16" of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a cause of action against Phoenix upon which relief can be granted.

**Second Affirmative Defense**

2. The Southern District of New York is an inconvenient forum for the adjudication of this action and the case should be dismissed and/or transferred under the doctrine of *forum non conveniens*

**Third Affirmative Defense.**

3. Phoenix was not the charterer of the vessel via a charter with Britannia Bulkers A/S and thus the purported Notice of Lien had no impact on Phoenix.

**Fourth Affirmative Defense**

4. At the time of the service of the purported Notice of Lien, there were no sums due to Britannia Bulkers A/S.

**Fifth Affirmative Defense**

5. To the extent Plaintiff Cosco has any right(s) or a lien on hire, sub-hire, freight and/or sub-freight, those rights arise by virtue of an equitable and/or contractual assignment of Britannia Bulkers' right(s) to receive same, and Plaintiff Cosco cannot have any different or greater rights than Britannia Bulkers. To the extent any claim or right to make claim for hire or freight by Britannia Bulkers was subject to London law and arbitration under the contract with Cosco, any claim would also be subject to London law and arbitration, and as a consequence, this action should be dismissed in favor of adjudication in that forum.

**Sixth Affirmative Defense**

6. The vessel was operating, at the time of the transmission of the purported Notice of Lien in a voyage in mitigation of Britannia Bulkers breach of contract, and there were no sums

which we due to it then or subsequent thereto as a consequence of that breach. As such, the Notice of Lien was of no effect.

### Seventh Affirmative Defense

7. Phoenix and parties above it in the chain of charters have affirmative claims against Britannia Bulk for breach of charter, and the sums due for that breach provide an offset for any sums due under the purported Notice of Lien, which is denied in any event.

### As and For Phoenix's Counterclaim

Phoenix, for itself and others, as their interests may ultimately appear, allege upon information and belief as follows:

8. Phoenix was a sub-charterer of the vessel as described in the complaint.

9. At the time of the redelivery of the vessel, the vessel was returned to Plaintiff Cosco with $183,927 of IFO (bunkers) and MDO (diesel) which were purchased and paid for by the charterers below Britannia Bulkers in the chain of charters, including Phoenix.

10. Phoenix and/or the sub-charterers in the chain of charters were due a credit or refund for that property, which was never paid.

11. The property described above was received and retained by Plaintiff Cosco and subsequently utilized for its benefit in the operation of the vessel.

12. Without prejudice to Phoenix's other defenses, Phoenix is entitled to recover this sum from Cosco under alternative theories of unjust enrichment and/or *quantum meruit*, and/or is entitled to an offset for any sums which may be due under the purported Notice of Lien, which is denied in any event.

Wherefore, Phoenix prays that:

(i) the complaint be dismissed against it in its entirety;

(ii) the action be dismissed under the doctrine of *forum non conveniens;*

(iii) it be granted the other relief identified above including recovery of the value of the bunkers retained by Cosco; and

(iv) it have such other or further relief as the Court may determine is just and proper.

Dated: New York, New York
July 20, 2009

                         FREEHILL HOGAN & MAHAR LLP
                         Attorneys for Defendant
                         Phoenix Bulk Carriers Ltd.

By: _____
      Peter J. Gutowski, Esq.
      80 Pine Street
      New York, New York  10005
      Tel: 212-425-1900
      Fax: 212-425-1901
      Email: gutowski@freehill.com

TO: Brown Gavalas & Fromm LLP
      Attorneys for Plaintiff
      355 Lexington Avenue
      New York, New York 10017
            Attn: Patrick R. O'Mea, Esq,